QUINN EMANUEL URQUHART & SULLIVAN, LLP
Randa A.F. Osman (Bar No. 150798)
randaosman@quinnemanuel.com
865 South Figueroa Street, Floor 10
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Lucas V.M. Bento (*pro hac vice forthcoming*)
Jingtian Chen (*pro hav vice forthcoming*)
lucasbento@quinnemanuel.com
jingtianchen@quinnemanuel.com
51 Madison Avenue, Floor 22
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Petitioner*
*Shervin Pishevar*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE APPLICATION OF SHERVIN PISHEVAR FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782,<br><br>*Petitioner*. | Misc. Action No._____<br><br>**REQUEST TO PROCEED *EX PARTE* FOR PETITIONER SHERVIN PISHEVAR'S APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782** |

-1-

Petitioner Shervin Pishevar ("Petitioner"), submits this request to proceed *ex parte* under Local Rule 7-19.1 as it pertains to Petitioner's *Ex Parte* Application and Petition For An Order to Conduct Discovery for Use in Foreign Proceedings Pursuant To 28 U.S.C. § 1782 (the "Application"). Petitioner should be permitted to submit its Application *ex parte* for the reasons set forth below:

1. 28 United States Code Section 1782 permits parties to seek judicial assistance to obtain discovery for use in a foreign tribunal. 28 U.S.C. § 1782(a) (1996). In obtaining such discovery, the requesting party must comply with the requirements of the Federal Rules of Civil Procedure. *See id.*

2. The Ninth Circuit has determined that parties seeking such assistance may file their application *ex parte*. *See In re Letters Rogatory from Toyko Dist., Toyko, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (granting Section 1782 request on *ex parte* basis and noting that witnesses subject to discovery requests "can and have raised objections and exercised their due process rights by motions to quash the subpoenas"); *see also In re Republic of Ecuador*, 2011 WL 4089189, at *2 (E.D. Cal. Sept. 13, 2011) ("[A]n ex parte application is an acceptable method for seeking discovery pursuant to [S]ection 1782[.]"). The filing of an *ex parte* application services the interests of justice and does not prejudice the target of the Section 1782 application in any manner. Because any discovery conducted under Section 1782 must comply with the Federal Rules of Civil Procedure, the respondent to a Section 1782-related subpoena has ample opportunity to petition the court to quash the subpoena. Such opportunity protects the recipient's due process rights.

3. As a result, courts routinely grant Section 1782 applications on an *ex parte* basis. *See, e.g., In re Application of Hulley Enters. Ltd.*, 2017 WL 8180604, at *1 (C.D. Cal. Sept. 13, 2017) (referrring to an earlier *ex parte* order from the court granting Section 1782 discovery); *In re Application of Hulley Enters. Ltd.*, Case No. 17-MC-0088-UA(Ex), ECF 7 (C.D. Cal. June 22, 2017) (granting an *ex parte* order to authorize, sign, and issue subpoenas); *In re Republic of Ecuador*, 2010 WL

3702427, at *2 (permitting a 28 U.S.C. § 1782 application *ex parte*, noting "[s]uch ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it") (citation omitted); *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.").

4. Pursuant to Local Rule 7-19.1, and as set forth in the Declaration of Lucas Bento in Support of the Petitioner's Application (filed concurrently herewith) ("Bento Declaration"), notice of Petitioner's Application was given to Respondent Sam Anson ("Respondent"), through his counsel, via email correspondence.

5. Specifically, on February 15, 2021, Mr. Bento, counsel for Petitioner, sent Respondent an email advising him of Petitioner's intention to file the aforementioned Application on or around February 16, 2021, stating that Petitioner would seek to do so *ex parte*, and inquiring whether Respondent would oppose the *ex parte* nature of the Request. *See* Bento Declaration ¶ 17 & Ex. 13.

6. Respondent then obtained counsel in relation to the Application. On February 22, 2021, Mr. Dan Horwitz of McLaughlin & Stern LLP, counsel to the Respondent, informed Mr. Bento that the Respondent "do[es] not oppose [the Petitioner's] request to proceed on an *ex parte* basis with [the] application regarding Mr. Anson under section 1782." *See id.* ¶ 17 & Ex. 13.

7. Based on the foregoing, Respondent was put on notice of the Petitioner's *ex parte* Application pursuant to Local Rule 7-19.1.

8. Under the circumstances, Petitioner submits that he should be permitted to proceed with the Application on an *ex parte* basis.

| | | |
|---|---|---|
| 1 | Dated: Los Angeles, CA | Respectfully submitted, |
| 2 | February 23, 2021 | */s/ Randa A.F.Osman* |
| 3 | | Randa A.F. Osman (SBN 150798) |

Dated: Los Angeles, CA
       February 23, 2021

Respectfully submitted,

*/s/ Randa A.F.Osman*

Randa A.F. Osman (SBN 150798)
randaosman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. FIGUEROA ST., FLOOR 10
LOS ANGELES, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443 3100

Lucas V.M. Bento (*pro hac vice forthcoming*)
Jingtian Chen (*pro hac vice forthcoming*)
lucasbento@quinnemanuel.com
jingtianchen@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 MADISON AVENUE, FLOOR 22
NEW YORK, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Petitioner Shervin Pishevar*